STATE OF MAINE
Cumberland, ss.

Jan 2   1 20 PM '00

MICHAEL DOHERTY and
AMY E. DOHERTY,

      Plaintiffs

   vs.

JAMES TALBOT,
CHEVERUS HIGH SCHOOL,
THE JESUIT ORDER (SOCIETY
OF JESUS OF NEW ENGLAND), and
THE ROMAN CATHOLIC
BISHOP OF PORTLAND,

     Defendants

SUPERIOR COURT
Civil Action
Docket No. CV-98-404

TED - CUM - 3/24/2000

DECISION AND ORDER

## I. BACKGROUND

In his second amended complaint, Michael Doherty alleges that from 1983 to 1986 while he was a student at Cheverus High School he was sexually assaulted and abused by James Talbot through the use of alcohol and intimidation. He alleges the abuse occurred between 1984 and 1985 while he was a minor.

The claims are presented in twelve counts against the several defendants:

| | | |
|---|---|---|
| - James Talbot | Count I | Assault |
| | Count V | Negligent Infliction of Emotional Distress |
| - Cheverus High School | Count III | Assault |
| | Count VI | Negligent Infliction of Emotional Distress |
| | Count X | Negligent Recruitment, Hiring and Supervision |
| - The Jesuit Order | Count II | Assault |
| | Count VII | Negligent Infliction of Emotional Distress |
| | Count X | Negligent Recruitment, Hiring and Supervision |

| | | |
|---|---|---|
| - The Roman Catholic Bishop of Portland | Count II | Assault |
| | Count VIII | Negligent Infliction of Emotional Distress |
| | Count X | Negligent Recruitment, Hiring and Supervision |
| - All defendants | Count IV | Battery |
| | Count IX | Intentional Infliction of Emotional Distress |
| | Count XI | Punitive Damages |
| | Count XII | Loss of Consortium (by Amy Doherty, spouse of Michael Doherty) |

In support of the claims against defendants other than Talbot, Doherty alleges, *inter alia*, that Cheverus High School (Cheverus) is a private high school in Portland operated by the Society of Jesus of New England as the Jesuit Order (Jesuits) and that the Roman Catholic Bishop of Portland (Bishop) controls the Jesuit Order and owns and operates Cheverus High School.

Doherty claims in the complaint that Talbot, as an instructor and soccer coach at Cheverus, used this position to gain access to Doherty and gain his trust and confidence, that the assaults and abuse occurred on the premises of Cheverus, that Cheverus, the Jesuit Order and the Bishop knew of "Talbot's homosexual pedophile tendencies and conduct". Second Amended Complaint, ¶ 11, ¶12.

In defense of the allegations against them, Cheverus, the Jesuits and the Bishop have filed motions to dismiss and/or for summary judgment.

As to the motions to dismiss the court considers the plaintiffs allegations in the complaint in the light most favorable to the plaintiffs, as if they were admitted. *Bryan R. v. Watchtower Bible and Tract Soc.*, 1999 ME 144, ¶2, ¶3, 738 A.2d 839, 842. Since a Motion to Dismiss for failure to state a claim tests only the legal sufficiency

of the complaint, to the extent that the court is requested to consider affidavits and other material, the court will treat the motion as one for summary judgment.

## II. MOTION TO DISMISS, CHEVERUS HIGH SCHOOL and THE SOCIETY OF JESUS OF NEW ENGLAND

This case originated by the filing of a complaint on July 23, 1998. It is now alleged in the Second Amended Complaint that the abuse by Talbot upon Michael Doherty occurred while he was a student at Cheverus between 1984 and 1985. The Motion to Dismiss asserts that plaintiff's claims are barred by the applicable statute of limitations.

The general statute of limitations applicable to most civil actions is six years. 14 M.R.S.A. §752 ("All civil actions shall be commenced within six years after the cause of action accrues and not afterwards...."). Thus, Cheverus and the Jesuits say that plaintiff's claims are barred because any abuse of the plaintiff by Talbot occurred before July 23, 1992.

The plaintiffs argue that their claims against Cheverus and the Jesuits are "based upon" Talbot's sexual assaults and abuse upon Michael Doherty and are governed by the twelve year statute of limitations in 14 M.R.S.A. §752-C.

> "Actions *based upon* sexual intercourse, as defined in
> Title 17-A M.R.S.A. §-A, section 556, subsection 1-B [1], or a

---

[1]     Sexual intercourse is defined as "any penetration of the female sex organ by the male sex organ". 17-A M.R.S.A. §-A M.R.S.A. §556(1-B). As such, this basis for extension of the statute of limitations is inapplicable to this case.

3

sexual act, as defined in Title 17-A M.R.S.A. §-A, chapter 11 2, with a person under the age of majority must be commenced within 12 years after the cause of action accrues...." (emphasis added)

Title 17-A M.R.S.A. §-A, chapter 11, entitled "Sexual Assault" also includes the criminal offense of unlawful sexual contact, 17-A M.R.S.A. §-A M.R.S.A. §255, which in a number of enumerated situations makes it a criminal offense to "intentionally subject another person .... to any sexual contact ....". 17-A M.R.S.A. §-A M.R.S.A. §255(1).[3] As in the case of "sexual intercourse" or commission of a

---

2    Sexual act is defined as:

(1) Any act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of another.

(2) Any act between a person and an animal being used by another person which act involves direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other; or

(3) Any act involving direct physical contact between the genitals or anus of one and an instrument or device manipulated by another person when that act is done for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact.

A sexual act may be proved without allegation or proof of penetration.

17-A M.R.S.A. §-A M.R.S.A. §251(C).

3    Prior to this action being brought, the Legislature provided that one of the situations in which unlawful sexual contact could occur if the victim was 14 years of age or older was, as here, when the perpetrator was a teacher or other school official.

1. A person is guilty of unlawful sexual contact if that person intentionally subjects another to any sexual contact, and:

J. The other person, not the actor's spouse, has not in fact attained the age of 18 years and is a student enrolled in a private ..., secondary .... school, .... and the actor, having attained the age of 21 years, is a teacher, employee or other official in the .... school, facility or institution in which the student is enrolled.

"sexual act", the Maine Criminal Code also defines "sexual contact" within Chapter 11, Sexual Assault.[4]

> "'Sexual contact' means any touching of the genitals or anus, directly or through clothing, *other than as would constitute a sexual act*, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." (emphasis added)
>
> 17-A M.R.S.A. §-A M.R.S.A. §251(1)(D).

The only exception applicable to this case which would allow plaintiff's claim to survive under the twelve year statute is an allegation that Talbot committed a "sexual act" upon plaintiff as defined in section 251(1)(C). The general allegation of "sexual assault" or "sexual abuse" is not sufficient to allege the specific conduct required by section 752-C. See *Bryan R., supra,* ¶21, ¶22, 738 A.2d at 846, 847 (requiring specific allegations, not "simple recitations" to establish a fiduciary relationship).

As to defendants' argument that §752-C is inapplicable because only Talbot is the alleged abuser and claims against Cheverus and the Jesuits are based on other tort theories, this court determines, in the absence of defining case law, statutes or other Maine precedent, that it was the legislative intent that "[a]ctions *based upon ....* a sexual act" (emphasis added) include more than claims against the perpetrator.

---

17-A M.R.S.A. §-A M.R.S.A. §255(1)(J), enacted P.L. 1995, C. 104 §6.

4     The title of the chapter was changed from "Chapter 11 Sex Offenses" to "Chapter 11 Sexual Assaults" by P.L. 1989, C. 401 §1.

## III. MOTION TO DISMISS / MOTION FOR SUMMARY JUDGMENT, THE ROMAN CATHOLIC BISHOP OF PORTLAND

In the answer to plaintiffs' complaint the Bishop has asserted several affirmative defenses. In addition to the statute of limitations defense raised by Cheverus and the Jesuits, the Bishop also asserts that Cheverus High School and its faculty are not governed or administered by the Bishop and that its operation is independent of the authority of the Bishop.

Because he has submitted a Statement of Material Facts and an affidavit by Bishop Emeritus Edward Cornelius O'Leary, D.D., who was the Bishop of the Diocese of Portland from 1974 to 1989, pursuant to Rules 7(d) and 56(e), the court treats the Motion to Dismiss as a Motion for Summary Judgment. All contested facts will therefore be construed in favor of the non-moving party. *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.,* 1998 ME 210, ¶11, 718 A.2d 186, 190.

Bishop O'Leary's affidavit clearly establishes the independence of Cheverus and the Jesuits from the Bishop, that he does not "recruit, approve, hire, train or supervise [Cheverus'] faculty," Def. Bishop SMF ¶3, and that the Bishop "did not have authority to assign, nor did it assign James Talbot to serve with the Jesuit Order either in Massachusetts or Maine or to the faculty at Cheverus High School." SMF ¶4. The affidavit clearly refutes plaintiff's allegation that the Bishop "controls the Jesuit Order and operates Cheverus High School," Second Amended Complaint, ¶ 5, and that "the [Bishop] oversees the operation of Cheverus High School." Second Amended Complaint, ¶ 13. The Bishop's affidavit is not rebutted as to these

6

points. The court considers these facts to be established and uncontested material facts for purposes of summary judgment.

Notwithstanding the lack of authority of the Bishop over Father Talbot as a Jesuit or faculty member at Cheyerus, Bishop O'Leary does state in his affidavit, ¶6, that "the Jesuits received my permission to operate the [C]atholic high school there and for their priests to serve within the geographic area of the diocese."

In response to the Bishop's motion, the plaintiff does not dispute the Bishop's lack of governing authority over Cheverus or supervisory authority over Father Talbot except to the extent as stated by Michael Doherty's affidavit that during the summer of 1985 Father Talbot worked as a parish priest in Yarmouth and Freeport, plaintiff's affidavit ¶3 and SMF ¶1, that he was compensated through collections at the church, affidavit ¶5 and SMF ¶3, that during "an overnight trip to the horseraces at the Skowhegan Fair, Father Talbot supplied me with alcohol and sexually assaulted me." affidavit, ¶8, SMF ¶7.

These facts, construed in the light most favorable to plaintiff, and not controverted in the Bishop's reply are sufficient to establish a claim, if proven, but only as to any sexual act during the time Father Talbot was assisting as a parish priest and subject to the authority or direction of the Bishop.

Plaintiff's claims against the Bishop for this conduct are subject to the same restrictions and statute of limitations as discussed in the motions by Cheverus and the Jesuits. See Part II.

### IV. STATUTE OF LIMITATIONS / DISABILITY

7

When the Legislature amended §752-C, P.L. 1991, ch. 551, §1, effective October 9, 1991, to extend the statute of limitations from six to twelve years it also provided that the expanded time period was applicable to "[a]ll actions for which the claim has not yet been barred by the previous [six year] statute of limitations in force on the effective date of this Act". P.L. 1991, ch. 551, §2. Thus, any sexual acts by Talbot upon Michael Doherty must have occurred after October 9, 1985, unless Doherty at the time was a minor which would extend the period to six years after the disability is removed. 14 M.R.S.A. §853, P.L. 1985, C. 343, §2.

The complaint alleges that Doherty was a student at Cheverus from 1983-1986, Second Amended Complaint ¶7, and that the sexual assaults and abuse occurred between 1984 and 1985. Second Amended Complaint ¶8. The claims against Cheverus and the Jesuits are subject to the same limitations as are applicable to the Bishop without regard to whether or not they are "based upon" and derived from the conduct of Father Talbot.

Neither the complaint nor any affidavit or other pleading recites Michael Doherty's date of birth. For that reason, the court cannot at this time determine when the disability of minority under §853 was removed and whether the actions are timely.

## V. CONCLUSION

Because of insufficient allegations of "sexual act" as defined in 17-A M.R.S.A. §-A M.R.S.A. §251(1)(C), the court finds that plaintiff's complaint is not within the twelve year limitation of section 752-C; however, to the extent that plaintiff does

8

have a valid claim, it ought not be defeated only by inartful pleading. Subject to the provisions of Rule 11, M.R.Civ.P.,[5] the plaintiff may again amend the complaint to bring it within the "sexual act" exception of §752-C.

## VI. DECISION

The clerk shall make the following entries as the Order of this court:

1.  Motion to Dismiss by defendant Cheverus High School is granted unless within 14 days of the date of this Order, plaintiff amends the complaint, subject to Rule 11, M.R.Civ.P., to allege facts which constitute a "sexual act" within 14 M.R.S.A. §752-C and 17-A M.R.S.A. §-A M.R.S.A. §251-C.

2.  Motion to Dismiss by defendant The Jesuit Order (Society of Jesus of New England) is granted unless within 14 days of the date of this Order, plaintiff amends the complaint, subject to Rule 11, M.R.Civ.P., to allege facts which constitute a "sexual act" within 14 M.R.S.A. §752-C and 17-A M.R.S.A. §-A M.R.S.A. §251-C.

3.  Motion for Summary Judgment by defendant The Roman Catholic Bishop of Portland is granted; however provided, plaintiff may amend so much of the complaint that is applicable to Father Talbot's conduct during the summer of 1985, within 14 days of the date of this Order, subject to Rule 11, M.R.Civ.P., to allege facts which constitute a "sexual act" within 14 M.R.S.A. §752-C and 17-A M.R.S.A. §-A M.R.S.A.§251-C.

4.  Defendants' motions to the extent they are based on the premise that 14 M.R.S.A. §752-C is applicable only to the "actor" or "perpetrator" are denied.

So Ordered.

Dated: March 24, 2000

_____
Thomas E. Delahanty II
Justice, Superior Court

---

[5]  M.R.Civ.P., R. 11

"The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading or motion; that to the best of the signee's knowledge, information and belief that there is good ground to support it."

9

Date Filed <u>7 -23-98</u>　　　<u>CUMBERLAND</u>　　　Docket No. <u>CV98-404</u>
　　　　　　　　　　　　　　　County

Action <u>PERSONAL INJURY</u>

DONALD L. GARBRECHT
LAW LIBRARY

APR 10 2000

|  | |
|---|---|
| AMY E. DOHERTY<br>MICHAEL DOHERTY | JAMES TALBOT<br>CHEVRUS HIGH SCHOOL<br>THE JESUIT ORDER |
| vs. | THE ROMAN CATHOLIC BISHOP OF PORTLAND |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~MICHAEL DOHERTY, PRO SE~~<br>~~114 WARDTOWN RD~~<br>~~FREEPORT, ME 04032 865 1349~~<br>Daniel G. Lilley, Esq. 774-6206<br>PO Box 4803, Portland, ME 04112 | MELISSA A. HEWEY, ESQ 772-1941<br>PO BOX 9781, pm 04104<br><br>FREDERICK MOORE ESQ (CATHOLIC BISHOP)<br>PO BOX 568 PM 04112-0568<br><br>JOHN KELLY, ESQ. (James Talbot)<br>P.O. BOX 597<br>PORTLAND, MAINE 04112-0597 |

| Date of Entry | |
|---|---|
| 1998<br>July 23 | Received 7-23-98:<br>Complaint Summary Sheet filed.<br>Complaint filed. |
| July 27 | Received 07-24-98:<br>Entry of Appearance of Daniel G. Lilley, Esq. and Mark L. Randall, Esq. for Plaintiff Michael S. Doherty filed. |
| "　　" | Amended Complaint filed. |
| Aug. 06 | Received 08-05-98:<br>Plaintiff's Second Amended Complaint filed. |
| Aug. 13 | Received 08-12-98:<br>Plaintiffs' Motion for Service by Publication filed. |
| "　　" | Affidavit of Mark L. Randall filed. |
| "　　" | Received 08-13-98:<br>Letter from Mark L. Randall, Esq. regarding withdrawal of Plaintiffs' Motion for Service by Publication filed. |
| Aug. 19 | Received 08-18-98:<br>Joint Motion of Defendants Cheverus High School and the Society of Jesus of New England to Dismiss Complaint filed. |
| "　　" | Memorandum of Defendants Cheverus High School and the Society of Jesus of New England in Support of Joint Motion to Dismiss Complaint with Exhibits A and B filed. |
| "　　" | Defendant's Request for Hearing filed. |
| Sept. 03 | Received 09-01-98:<br>Defendant Roman Catholic Bishop of Portland's Answer to Second Amended Complaint filed. |
| Sept. 09 | Received 09-04-98:<br>Plaintiff's Response to Defendants Cheverus High School and the Society of Jesus of New England's Motion to Dismiss & Incorporated Memorandum of Law with Exhibit A. filed. |